State *v.* Treadway and Thompson.

STATE *v.* LANDON TREADWAY and AB. THOMPSON, Jr..

WITNESSES. *Compensation. Must be paid by the County. When.* The compensation of witnesses examined by the Grand Jury in support of an indictment which they ignored, must be paid by the County, not the State.

FROM WASHINGTON.

Writ of error to the Circuit Court of Washington county. N. HACKER, J.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

An indictment against these defendants for larceny was prepared by the Attorney-General and sent with the witnesses summoned to sustain it, before the grand jury, who returned it "not a true bill." The Circuit Judge thereupon gave judgment against the State for the costs of these witnesses, and the State has brought the case up by writ of error.

The Code, section 5392, provides, "The compensation of a witness summoned before a grand jury, where no indictment is found upon his evidence, shall be paid by the county in which he is summoned." The case seems to fall directly within the provision of this section, and to require the county, not the State, to be taxed with the costs of the witnesses upon whose evidence no indictment is found. And so this court held at

the September term, 1877, in the case of the *State* v. *Dickson & Read,* in an opinion by Judge Turney, construing the section.

The argument on behalf of the county rests principally upon the Code, sections 5585, 5586. By these sections the State is chargeable with the costs of criminal prosecutions for offenses punishable by confinement in the penitentiary, when "the defendant is discharged by the court or magistrate before indictment preferred or found." But the provisions of the Code are not necessarily inconsistent. By the sections just cited, provision is made for the costs where the defendant is discharged by the court or magistrate, without reference to the action of the grand jury, upon his judicial responsibility and finding. By section 5392, the costs of witnesses summoned and sent before the grand jury, are made a charge upon the county where no indictment is found upon their evidence. The duty of this court is to give effect to both of these provisions, if possible. And although the reason of the distinction made between the two classes of costs is not very obvious, the distinction itself is clear enough.

It is also argued on behalf of the county, that section 5392 is taken from the act of 1856, ch. 63, sec 2, entitled "An act to suppress betting on elections," and was perhaps intended for a limited class of witnesses. Although the caption and first section of that act are confined to the subject of betting on elections, yet the second section is general in its terms, expressly providing for the compensation of all witnesses summoned before any grand jury, and how that

compensation should be taxed and paid, constituting the law on those points both before and since the Code. Such legislation was then not unusual, and its abuse led to the provision of the Constitution of 1870, that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." The Constitution of 1834 contained no such restrictions.

The judgment must be reversed, and a judgment entered here against the county for the compensation of the witnesses and the costs of this court.